IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LAWERNCE D. KENEMORE, JR.                              PETITIONER

v.                              Case No. 5:14-CV-05076

UNITED STATES OF AMERICA                              RESPONDENT

## O R D E R

Currently before the Court is the Report and Recommendation (Doc. 3) filed in this case on March 5, 2014, by the Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas.   After careful review of the Report and Recommendation, Petitioner Lawernce D. Kenemore, Jr's Objections (Doc. 4), and a *de novo* review of the record, the Court finds that the Petitioner's objections offer neither law nor fact requiring departure from the Magistrate's findings.  Accordingly, the Report and Recommendation should be, and hereby is, APPROVED and ADOPTED IN ITS ENTIRETY.

Mr. Kenemore filed a 28 U.S.C. § 2241 Motion (Doc. 1), challenging that the terms of his supervised release exceeded the statutory maximum allowed.  Mr. Kenemore states that he was convicted and sentenced in the Northern District of Texas and is currently serving a three-year term of supervised release in this District.[1]

Mr. Kenemore objects to the Magistrate's Report and Recommendation on the following grounds: 1) that his case has been transferred to this District; 2) that he does attack the execution of his sentence because the United States Sentencing Guidelines are

---

[1] The United States Probation Office has advised the Court that jurisdiction of his case has not yet been transferred to this District

-1-

unconstitutional; 3) that § 2255 is inadequate and ineffective to address the legality of his

detention because the one- year statute of limitations has expired; 4) and that he is actually

innocent.

The Magistrate recommends that this Court dismiss Mr. Kenemore's Motion for lack

of jurisdiction.  The Magistrate properly finds that Mr. Kenemore's claim should be asserted

in a motion under  28 U.S.C. § 2255, as he is attacking the validity of his sentence and not

the execution of his sentence.  Section 2255 motions must be brought in the district in

which the petitioner is sentenced. *See Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir.

2009);  *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).

Because Mr. Kenemore's habeas petition directly challenges the validity of his

sentence, such a claim is properly cognizable under § 2255. *See United States v.*

*Hutchings*, 835 F.2d 185, 187 (8th Cir. 1987).   A petitioner who seeks to challenge his

sentence or conviction generally must do so in the sentencing court through a § 2255

motion and cannot use § 2241 to challenge the conviction without first showing that  §

2255 would be inadequate or ineffective. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir.

2004)(citing *Hill v. Morrison,* 349 F.3d 1089, 1091 (8th Cir.2003);  *United States v. Lurie,*

207 F.3d 1075, 1077 (8th Cir. 2000)).

The Savings Clause of Section 2255 provides that:

An application for a writ of habeas corpus [on] behalf of a prisoner who is

authorized to apply for relief by motion pursuant to this section, shall not be

entertained if it appears that the applicant has failed to apply for relief, by

motion, to the court which sentenced him, or that such court has denied him

relief, unless it also appears that the remedy by motion is inadequate or
ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

In order to establish that a "remedy is 'inadequate or ineffective' under § 2255, there
must be more than a procedural barrier to bringing a § 2255 petition." *Abdullah*, 392 F.3d
at 959.  Further, § 2255 is "not inadequate or ineffective merely because a remedy under
that section is time-barred." *Id.*, citing *Lurie*, 207 F.3d at 1077.  Mr. Kenemore argues that
he satisfies the inadequate or ineffective prong of the savings clause, and should therefore
be permitted to bring a claim under § 2241, because he has demonstrated not only that his
remedy is time-barred, but that he is "actually innocent" of the crime for which he was
convicted.  He argues that this amounts to more than a mere procedural barrier to raising
his claim.  However, the Eighth Circuit has declined to consider whether a claim of actual
innocence allows a petitioner to "bypass the gatekeeping requirements of the amended
§ 2255 and proceed with a § 2241 habeas corpus petition via § 2255's savings clause." *Id.*
at 960 (internal citation omitted).

Because a § 2255 motion must be filed in the sentencing Court, the Court will not
address Mr. Kenemore's second objection, as it goes to the merits of the motion, and this
Court lacks jurisdiction.  Although Mr. Kenemore alleges that § 2255 is inadequate and
ineffective to address the legality of his detention, due to the statute of limitations, this is
a procedural barrier that does not remove his case from the jurisdiction of the sentencing
court.

Because Mr. Kenemore was sentenced in the Northern District of Texas, his Motion

is not properly before this Court.    Therefore, this Motion is DISMISSED WITH

PREJUDICE. The Court, being well and sufficiently advised, finds that the Report and

Recommendation is proper and should be and hereby is ADOPTED IN ITS ENTIRETY.

IT IS THEREFORE ORDERED that Lawernce D. Kenemore, Jr.'s § 2241 Motion be

DENIED.

IT IS SO ORDERED this 16th day of May, 2014.

_____
TIMOTHY L. BROOKS
U.S. DISTRICT JUDGE